IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel.<br>VAN WHITFIELD,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL P. ATCHISON, Warden<br>Menard Correctional Center,<br><br>    Respondent. | No. 12 C 7611 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Van Whitfield's (Whitfield) petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. §2254 (Section 2254). For the reasons stated below, the Petition is denied.

## BACKGROUND

Whitfield was convicted in a jury trial in Illinois state court of first degree murder in 2000, and was sentenced to a prison term of natural life. Whitfield appealed to the Illinois Appellate Court. While Whitfield's direct appeal was

pending in the Illinois Appellate Court, Whitfield filed a post-conviction petition, which was denied. Whitfield then appealed that denial of his post-conviction petition. On March 7, 2002, the Illinois Appellate Court affirmed Whitfield's conviction on his direct appeal. Whitfield then filed a petition for leave to appeal (PLA) to the Illinois Supreme Court. On October 2, 2002, the Illinois Supreme Court denied the PLA on the direct appeal. In July 2006, the Illinois Appellate Court held an evidentiary hearing on the post-conviction petition appeal (Evidentiary Hearing). On May 2, 2011, the Illinois Appellate Court affirmed the judgment on the post-conviction appeal, and Whitfield then filed a PLA for the post-conviction petition. On September 24, 2011, the PLA for the post-conviction petition was denied. On September 24, 2012, Whitfield filed the instant Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

Whitfield asserts in the Petition: (1) that the State violated Whitfield's right of confrontation under the Sixth Amendment and violated his due process rights under the Fourteenth Amendment (Claim 1), and (2) that the Illinois Appellate Court erred by refusing to allow an expert witness to testify at the Evidentiary Hearing (Claim 2).

I. Claim 1

Respondent argues that Claim 1 lacks any merit. In addressing the merits of the claims in a Section 2254 habeas petition, the federal court "presume[s] state factual findings to be correct, unless the petitioner rebuts the presumption by clear and convincing evidence." *Morgan v. Hardy*, 662 F.3d 790, 797-98 (7th Cir. 2011)(stating that "[t]he presumption of correctness also applies to factual findings made by a state court of review based on the trial record"). Whitfield argues in Claim 1 that his Sixth Amendment right of confrontation was violated due to limitations on his cross examination and that his due process rights were violated due to the alleged withholding of certain evidence from Whitfield by the State.

A. Limitation on Cross Examination

Whitfield contends that he was limited in his ability to cross-examine witnesses at trial on the issues of bias and interest. Whitfield cites cases such as *Clark v. O'Leary*, 852 F.2d 999 (7th Cir. 1988), which address the Sixth Amendment right to cross-examine witnesses. *Id.* at 1003-04; (Pet. 8). In *Clark*, the petitioner had claimed that the state trial court placed impermissible restrictions on his cross-examination as to the gang affiliation of witnesses at trial. *Id.* at 1001-02, 1004.

However, in the instant action, Whitfield has not alleged that the state trial court impermissibly limited his ability to confront witnesses during cross-examination at his trial. Instead, Whitfield contends that the State withheld from Whitfield's counsel the addresses of certain witnesses (Witnesses), which prevented Whitfield's counsel from interviewing the Witnesses and learning of their alleged bias and interest. Whitfield asserts that if such interviews were done, his counsel could have effectively cross-examined the Witnesses as to interest and bias. Since the trial court did not place limitations upon Whitfield's cross-examination of the Witnesses at trial, the cases cited by Whitfield regarding a court's limitation of a cross-examination are not on point.

### B. Withholding of Evidence

Whitfield argues that the State's alleged withholding of the addresses of the Witnesses from his counsel prior to trial violated Whitfield's due process rights under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). (Pet. 9). For a *Brady* claim, a petitioner must show: (1) "that the government failed to give him evidence favorable to his defense, that would tend to show his innocence, or that could be used to impeach witnesses at trial," and (2) "that the evidence suppressed was material; that 'there is a reasonable probability that, had the evidence been disclosed to the defense,

5

the result of the proceeding would have been different.'" *Morgan*, 662 F.3d at 800 (quoting in part *Strickler v. Greene*, 527 U.S. 263, 281 (1999)).

Whitfield presented the Claim 1 argument to the Illinois Appellate Court on his post-conviction petition appeal. The Illinois Appellate Court properly recited the *Brady* standard and did not act contrary to established federal law. (R Ex. H 6-7). The Illinois Appellate Court also concluded that the state trial court properly found after the Evidentiary Hearing that the State did not withhold exculpatory evidence, and that Whitfield was not prejudiced by any inaction on the part of the State. (R Ex. H 7-8). The Illinois Appellate Court properly pointed out that the record did not reflect that the State had any knowledge of the Witnesses' connections to certain gangs and that the State had no duty to make such inquiries on behalf of Whitfield. (R Ex. H 7-8). In addition, the record does not reflect that the State prevented Whitfield's counsel from independently finding the addresses of the Witnesses. Nor does the record reflect that Whitfield's counsel ever even asked the court to order the State to provide Whitfield with the addresses of the Witnesses, that Whitfield made efforts to obtain other contact information for the Witnesses, or that Whitfield made any efforts to interview the Witnesses. (R Ex. H 7). The record indicates that the Witnesses were in protective custody and Whitfield could have, for example, interviewed the Witnesses by telephone without placing their safety at risk. (Pet.

10). Whitfield asserts in the Petition that the State "prevented counsel from interviewing" the Witnesses, but Whitfield has failed to provide any facts that would suggest such a conclusion. (Pet. 10). Thus, the Illinois Appellate Court properly concluded that there was not sufficient evidence to show that the State improperly withheld any exculpatory evidence from Whitfield.

During the post-conviction petition appeal, the Illinois Appellate Court also properly pointed out that the Witnesses all told consistent stories regarding Whitfield's involvement in the murder. (Ex. H 8). In addition, the record reflects that the Witnesses testified at the Evidentiary Hearing that the gang connections in question did not affect their testimony at trial, and that the trial court was able to judge their credibility at the Evidentiary Hearing. (R Ex. H 7-8). Thus, the Illinois Appellate Court properly concluded that Whitfield was not prejudiced by the non-disclosure of any evidence. Based on the above, Whitfield has not shown that Claim 1 has any merit.

II. Claim 2

Respondent argues that Claim 2 is not a cognizable claim and that Claim 2 is procedurally defaulted.

A. Not a Cognizable Claim

Respondent argues that Claim 2 is not a cognizable federal habeas claim because it does not have a federal constitutional basis. A state prisoner may obtain habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)(stating that "[a] federal court may not issue the writ on the basis of a perceived error of state law"). Whitfield cites no authority and makes no argument to support his contention that the denial by a state court of a request to present an expert witness violates the Sixth and/or Fourteenth Amendments.

Whitfield argues that the state trial court erred in applying Illinois state law regarding the admission of expert testimony. (Pet. 17-18); *People v. Jordan*, 469 N.E.2d 569, 576 (Ill. 1984). Thus, Whitfield acknowledges in the Petition that Claim 2 is premised on an alleged error in Illinois state evidence law. In addition, the court decision challenged by Whitfield in Claim 2 occurred during the state collateral review process, and there is no federal constitutional right to such a collateral review. *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996)(stating that "[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"). Whitfield has not presented any facts that would

indicate that the issue raised in Claim 2 is a proper subject of federal habeas review. Thus, Claim 2 is not a cognizable federal habeas claim.

### B. Procedural Default

Respondent also argues that Claim 2 is procedurally defaulted. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review" and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal

9

claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).  In addition, "[w]hen a state court denies a prisoner relief on a question of federal law and bases its decision on a state procedural ground that is independent of the federal question, the federal question is procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003).  In the habeas context, a petitioner is deemed to have fully and fairly presented an argument to a state court only if the petitioner "articulat[ed] both the operative facts and applicable law. . . ." *Johnson*, 574 F.3d at 431; *see also Byers*, 610 F.3d at 985 (stating that "[a] petitioner must fairly present his federal claims to the state courts by arguing both the law and the facts underlying them").

Whitfield did not present Claim 2 on his direct appeal.  (R. Ex. B).  In his opening brief on his post-conviction appeal, Whitfield did make passing references to the Sixth and Fourteenth Amendment, but he did not follow with citations or argument explaining his reference to such constitutional amendments.  (R. Ex. I 4, 35-39).  Such cursory references to federal constitutional provisions are not sufficient to have fully and fairy presented Claim 2.  *See Chambers v. McCaughtry,* 264 F.3d 732, 738 (7th Cir. 2001)(stating that "[a] mere passing reference to a constitutional issue certainly does not suffice").

A procedurally defaulted claim can still be considered by a district court "if a

petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice").

In the instant action, Whitfield has not provided facts showing that he was prevented from presenting Claim 2 in a manner that would have avoided the procedural default. Whitfield has not shown cause and prejudice. Nor has Whitfield shown actual innocence or a fundamental miscarriage of justice to excuse the procedural default on Claim 2. Therefore, based on the above, the Petition is denied.

III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Whitfield has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Whitfield shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Whitfield decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied and the court declines to issue a certificate of appealability.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 30, 2013